# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOUWELING'S NURSERIES OXNARD, INC., a California corporation; HOUWELING UTAH PROPERTY, INC., a Utah corporation; HNL HOLDINGS, LTD, a Canadian controlled private corporation; HOUWELING UTAH HOLDINGS, INC., a Utah corporation; and HNL UTAH HOLDING, LTD, a Canadian private corporation,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>GEORGE ROBERTSON, an individual,<br><br>Defendant and Counterclaimant. | Case No. 2:14-cv-00611-RJS-PMW<br><br>**MEMORANDUM AND ORDER**<br><br>**District Judge Robert J. Shelby**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court is defendant and counterclaimant George Robertson's ("Defendant") short form discovery motion regarding the initial disclosure of documents by plaintiffs and counterclaim defendants Houweling's Nurseries Oxnard, Inc., Houweling Utah Property, Inc., HNL Holdings, Ltd., Houweling Utah Holdings, Inc., and HNL Utah Holding, Ltd. ("Plaintiffs").[1]

Defendant asserts that this is "not a particularly complex case" and that Plaintiffs' production of over 47,000 pages violates rule 26 of the Federal Rules of Civil Procedure. Unsurprisingly, Plaintiffs disagree with Defendant. Plaintiffs assert that the case is complex and that they are being thorough in their disclosure of documents.

---

[1] Docket no. 21.

Rule 26(a)(1)(A)(ii) requires a party to provide as part of its initial disclosure:

> a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Rule 1 provides that the Federal Rules of Civil procedures "should be construed and administered to secure the just, *speedy, and inexpensive* determination of every action and proceeding." (emphasis added). Effective December 1, 2015, Rule 26(b) will be amended to limit the scope of discovery to be "proportional to the needs of the case."

At this early stage, the court cannot determine whether Plaintiffs are being thorough and the documents are necessary, or whether they are hiding proverbial needles in a haystack of documents. While the court expresses some concern over the volume of documents, that concern is tempered by experience—the norm is that parties usually complain about the paucity of documents produced.

Accordingly, IT IS HEREBY ORDERED that that Defendant's motion is DENIED without prejudice. If in the normal course of discovery, Plaintiffs do not narrow their production of documents and the production appears truly excessive or disproportionate to the issues, Defendant may renew the motion, and the court will consider appropriate remedies.

**IT IS SO ORDERED**.

DATED this 12th day of May, 2015.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge