IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **HOUWELING'S NURSERIES OXNARD, INC. et al.,**<br><br>**Plaintiffs and Counterclaim Defendants,**<br><br>**v.**<br><br>**GEORGE ROBERTSON,**<br><br>**Defendant and Counterclaimant** | **MEMORANDUM DECISION**<br><br>**Case No. 2:14-cv-00611-JNP-PMW**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Paul M. Warner** |

Before the court is a motion by plaintiffs and counterclaim defendants Houweling's Nurseries Oxnard, Inc., Houweling Utah Property, Inc., HNL Holdings Ltd., Houweling Utah Holdings, Inc., and HNL Utah Holding Ltd. (collectively "Plaintiffs") and non-party Parsons Behle & Latimer ("PBL") to modify Defendant George Robertson's second amended deposition subpoena to PBL.[1]

Plaintiffs and PBL previously brought a motion to modify the first amended deposition subpoena.[2]  In light of the issuance of a second amended deposition subpoena, Plaintiffs and PBL's motion to modify the original deposition subpoena is **DENIED** as moot.  Nevertheless, the court refers to those earlier papers to supplement the short-form, expedited briefing on the current motion.

---

[1] Docket no. 39.

[2] Docket no. 33.

2

Defendant previously worked as a consultant for Plaintiffs in connection with a hydroponic nursery project in Mona, Utah (the "Project").[3]  PBL is a law firm.  Plaintiffs engaged transactional attorneys at PBL to assist with different aspects of the Project.[4]  Defendant regularly communicated with PBL attorneys in connection with the Project, and PBL attorneys appears to have firsthand knowledge about the nature and quality of Defendant's work on the Project.[5]  PBL is Plaintiffs' trial counsel in the case.

Around July 4, 2014, Plaintiffs terminated Defendant's consulting agreement. [6] Defendant alleges that he has an ownership interest in the Project and was not paid in full for his consulting services.  Plaintiffs deny these allegations.

In connection with the current litigation, Defendant issued a subpoena to PBL.  PBL agreed to appear subject to a limited subject matter waiver.  After moving to modify the first amended deposition subpoena, PBL now moves the court to modify the second amended deposition subpoena.[7]  Plaintiffs and PBL claim that deposition topics numbers 1, 3, and 5 may invade attorney-client privilege and/or work product protected information, and that PBL does not have a witness with knowledge about topic number 4.[8]

---

[3] Docket no. 33 at 3.

[4] *Id.*

[5] Docket no. 33.

[6] Docket no. 33 at 3.

[7] Docket no. 39-1.

[8] Docket no. 33.

Plaintiffs' and PBL's motion to modify the subpoena is **DENIED**.  Privilege issues generally must be handled on a question-by-question basis.  Particularly under the circumstances—namely where Plaintiffs' transactional and trial counsel are witnesses—the court will not preemptively strike or limit the deposition topics.  As with any other deposition, Plaintiffs and PBL retain the ability to object during the course of the deposition to questions that they reasonably believe invade privilege.

With regard to topic number 4, there is no need for the court to modify or strike the topic based on PBL's representation that it lacks information on that topic.  As with any other Rule 30(b)(6) deposition, PBL's designated deponent or deponents "must testify about information known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  PBL needs not testify on a topic about which PBL cannot testify, but Defendant is still entitled to inquire into the topic.

**IT IS SO ORDERED.**

DATED this 26th day of January, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

3