IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HOUWELING'S NURSERIES OXNARD, INC. et al., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> GEORGE ROBERTSON, <br><br> Defendant and Counterclaimant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:14-cv-00611-JNP-PMW <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Paul M. Warner |

Before the court is a motion by defendant and counterclaimant George Robertson to amend the scheduling order and re-open fact discovery.[1] Plaintiffs and counterclaim defendants Houweling's Nurseries Oxnard, Inc., Houweling Utah Property, Inc., HNL Holdings Ltd., Houweling Utah Holdings, Inc., and HNL Utah Holding Ltd. (collectively "Plaintiffs") oppose the motion. A motion for summary judgment is pending.

The court has carefully reviewed the parties' moving papers. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written materials. *See* DUCivR 7-1(f).

---

[1] Docket no. 53.

Fact discovery closed on February 5, 2016.[2] Mr. Robertson's counsel asserts that discovery responses and production continued to come in, and that at some unspecified point counsel determined it needed additional information. Counsel knew for certain by June 2016 that it needed additional information.[3] Mr. Robertson filed the instant motion in August 2016, six months after the close of fact discovery.

Pursuant to rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quotations and citation omitted).

> The party seeking relief from the schedule must show that it could not have reasonably met the deadline despite its diligence. The absence of prejudice to the opposing party does not constitute an affirmative showing of good cause to alter the schedule ordered by the court. The party seeking an extension is normally expected to show good faith on its part and some reasonable basis for not meeting the deadline.

*Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262-KHV, 1999 WL 66216, at *2 (D. Kan. Feb. 8, 1999) (quotations and citations omitted).

Here, Mr. Robertson fails to establish that he has been "diligent in attempting to meet the deadlines" in the scheduling order and fails to provide "an adequate explanation for any delay." *Strope*, 315 Fed App'x at 61 (quotations and citation omitted). Mr. Robertson also does not

---

[2] Docket no. 31.
[3] *See* docket no. 53 at 10 ("Good cause to allow for additional discovery did not exist until recently, especially not until June 2016 when Mr. Robertson became aware that Plaintiffs were refusing to produce this discovery as requested.").

"show that [he] could not have reasonably met the deadline despite [his] diligence." *Sithon Maritime Co.*, 1999 U.S. Dist. LEXIS 1466, at *7. Rather, Mr. Robertson claims that months after the deadline had passed, he determined that he needed to compel further production and seek additional discovery. Even assuming *arguendo* that Mr. Robertson did not determine the need for additional discovery until June 2016, Mr. Robertson waited until August 2016 to file the instant motion.

For the foregoing reasons, Mr. Robertson's motion is **DENIED**.

**IT IS SO ORDERED.**

DATED this 23rd day of November, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge