IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| HOUWELING'S NURSERIES OXNARD, INC. et al., <br><br> Plaintiffs and Counterclaim Defendants, <br> v. <br><br> GEORGE ROBERTSON, <br><br> Defendant and Counterclaimant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND COUNTERCLAIM <br><br> Case No. 2:14-cv-00611-JNP-PMW <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Paul M. Warner |

District Judge Jill N. Parrish referred this matter to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendant and Counterclaimant George Robertson's ("Robertson") Motion for Leave to Amend Counterclaim.[2] Having reviewed the parties' briefs and the relevant law, the court renders the following Memorandum Decision and Order.[3]

## BACKGROUND

Plaintiff and Counterclaim Defendants Houweling's Nurseries Oxnard, Inc., Houweling Utah Property, Inc., HNL Holdings Ltd., Houweling Utah Holdings, Inc., and HNL Utah Holding Ltd. (collectively, "Houweling") are a tomato growing operation with locations in Utah, California, and British Columbia.[4]

---

[1] Dkt. No. 23.
[2] Dkt. No. 59.
[3] Pursuant to DUCivR 7-1(f), the court elects to determine the present motion on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.
[4] Dkt. No. 83 at 2.

1

In 2011 and 2012, Robertson approached Houweling about opening a growing operation in Mona, Utah.[5] Subsequently, the parties entered into a business relationship to develop a tomato growing operation in Mona. The parties dispute the nature of their relationship. Houweling alleges that the parties entered into a consulting arrangement where Houweling agreed to pay Robertson to perform various tasks to get the Mona project up and running.[6] Conversely, Robertson contends that the relationship was not a consulting arrangement.[7] Rather, Robertson alleges that the parties agreed to enter into a joint-venture to develop the growing operation in Mona.[8]

Eventually, the relationship turned sour. In 2014, Houweling sent a letter to Robertson terminating their business relationship.[9] After Houweling's termination letter, Robertson sent a letter to Houweling claiming, in part, that he maintained ownership in the Mona project and was entitled to further compensation.[10] Therefore, Houweling initiated the instant lawsuit, seeking a declaratory judgment in favor of Houweling. Robertson countersued, asserting various breach of contract theories and seeking declaratory and injunctive relief.[11]

The deadline to file amended pleadings in this case occurred on February 16, 2015,[12] and fact discovery closed on February 5, 2016.[13]

Robertson represents that he received new evidence supporting additional counterclaims in January and June of 2016.[14] Therefore, on June 8, 2016, Robertson attempted to secure a

---

[5] *Id.*
[6] *Id.*
[7] Dkt. No. 97 at 1.
[8] *Id.*
[9] Dkt. No. 10 at ¶ 33
[10] Dkt. No. 83 at 2.
[11] *See* Dkt. No. 10.
[12] Dkt. No. 18.
[13] Dkt. No. 31 at 2.
[14] Dkt. No. 59 at 2.

stipulation from Houweling that would allow Robertson to file additional counterclaims.[15] On June 21, 2016, Houweling's counsel rejected Robertson's request for leave to amend.[16] Therefore, on August 29, 2016, Robertson filed a motion seeking leave to amend his counterclaims.[17]

## DISCUSSION

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court "should freely give leave [to amend] when justice so requires." Whether to provide a party leave to amend its pleadings "is within the discretion of the trial court." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quotations and citation omitted). The court may deny leave to amend only where there is a "'showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)).

In the court's view, whether Robertson should be permitted to add additional counterclaims depends on whether Robertson was justified in waiting to seek permission from the court to amend his counterclaims. Robertson contends that he was unable to file the appropriate motion because the substance of his new counterclaims was discovered in January and June of 2016.[18] Conversely, Houweling argues that Robertson's motion is untimely and Robertson offers no explanation for his delay.[19] The court agrees with Houweling. Robertson's lack of vigilance and unsatisfactory explanations is the textbook definition of undue delay. Therefore, Robertson's Motion for Leave to Amend is denied.

---

[15] *Id.* at 3.
[16] *Id.*
[17] Dkt. No. 59.
[18] *Id.* at 2.
[19] Dkt. No. 72 at 1–2.

Rule 15(a)(2) is not an unworkable straightjacket requiring a motion to amend to be filed within a specified period of time. However, "untimeliness alone" is sufficient to deny leave to amend where the moving party has "no adequate explanation for the delay." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) (citing cases). For example, Rule 15(a)(2) is not a mechanism for a party to "make the complaint a moving target," to "salvage a lost case by untimely suggestion of new theories of recovery," to present theories in "seriatim," or to knowingly raise an issue on the eve of trial. *See Minter*, 451 F.3d at 1206 (quotations and citations omitted). Indeed, a party who unjustifiably delays acts "contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* at 1205 (quotations and citations omitted). Therefore, "courts may deny leave for untimeliness or undue delay without a showing of prejudice to the opposing party." *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp. 1218, 1221 (D. Kan. 1995) (citing cases).

In the context of undue delay, Rule 15(a)(2) requires the court to focus primarily on three factors. First, the court must examine the length of delay—"[t]he longer delay, the more likely the motion to amend should be denied." *Minter*, 451 F.3d at 1205 (quotations and citations omitted). Second, the court must evaluate the "reasons for the delay" and deny leave to amend when the moving party has not offered an adequate explanation for their neglect. *Id.* Finally, a motion for leave to amend should be denied where the moving party "knows or should have known of the facts upon which the proposed amendment is based" and fails to include them in the original filing. *Frank*, 3 F.3d at 1366 (quotations and citations omitted).

For example, in *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238 (10th Cir. 2015), the Tenth Circuit upheld the district court's denial of the plaintiffs' motion for leave to amend. *Id.* at 1248. The Tenth Circuit found that the plaintiffs "offer[ed] no explanation" as to why they waited over

four months after new factual allegations came to light to request leave to amend. *Id.* Similarly, in *Bird v. W. Valley City*, No. 2:12-CV-903-PMW, 2014 WL 3547829 (D. Utah July 17, 2014), this court denied a plaintiff's motion to amend where the plaintiff waited nearly seven months after the expiration of the fact discovery deadline to seek permission to amend her complaint. *Id.* at *2. The court found that the plaintiff "failed to provide an adequate explanation for the delay in bringing her motion to amend her complaint." *Id.* Furthermore, the court recognized that the factual underpinnings to the plaintiff's proposed amendments were available to the plaintiff when her original complaint was filed. *Id.*

Like *Birch* and *Bird*, Robertson offers no explanation for why he waited several months to seek leave of the court to amend his counterclaims. Moreover, the majority of the facts relied on in Robertson's proposed amended counterclaims were available to Robertson at the initiation of this lawsuit.

The deadline to file amended pleadings in this case occurred nearly two years ago.[20] Fact discovery ended on February 5, 2016.[21] Robertson claims that the basis of his amended counterclaims arises from information discovered from Houweling in January and June of 2016. Assuming the evidence discovered in January and June is material to Robertson's amended counterclaims, Robertson still waited several months to file the appropriate motion. Indeed, according to Robertson's assertions, Robertson became aware of new factual information to support additional counterclaims as early as January 2016.[22] However, Robertson waited until

---

[20] Dkt. No. 18.
[21] Dkt. No. 31 at 2.
[22] Robertson readily admits that he had a sufficient factual basis to bring additional counterclaims as early as January 2016. *See, e.g.*, Dkt. No. 59 at 7 ("Mr. Robertson's discovery, in late January 2016, that his flue gas system had been fully implemented and brought online on December 14, 2015, is hugely important to this case."); *id.* at 13 ("Even though fact discovery is closed, much of the new information that supports Mr. Robertson's Motion was produced by Plaintiffs days before the close of fact discovery in this case or months later.")

June to seek a stipulation from opposing counsel. After opposing counsel denied Robertson's request, Robertson waited another two months to file a motion with the court. Moreover, Robertson offers no explanation for his delay. Rather, Robertson unsuccessfully argues that the factual underpinnings of this case are evolving and his discoveries in January and June are sufficient to allow him to sit on his new counterclaims for several months.[23] Robertson's use of Rule 15(a)(2) is contrary to Rule 15(a)(2)'s principles of judicial economy and fairness.

Furthermore, the greater part of the facts Robertson relies on to assert new counterclaims were known or should have been known to Robertson well before August 2016. Indeed, after reviewing Robertson's proposed amended counterclaims, the court notes that Robertson relies little on the information discovered in January and June.[24] Rather, Robertson seeks to bolster his counterclaims with information Robertson has had at his disposal since filing his original countersuit. Therefore, Robertson's Motion for Leave to Amend is untimely and is denied.

## CONCLUSION

Based on the foregoing, Robertson's Motion for Leave to Amend Counterclaim[25] is DENIED.

IT IS SO ORDERED.

Dated this 30th day of December, 2016.

BY THE COURT:

Paul M. Warner
United States Magistrate Judge

---

[23] Dkt. No. 79 at 2.
[24] *See* Dkt. No. 72 at 9–13 (noting the source of the factual allegations underpinning Robertson's proposed amended counterclaims).
[25] Dkt. No. 59.